IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| AXIS SURPLUS INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-2660 JWL/JPO |
| | ) | |
| MID AMERICA CREDIT BUREAU, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BANK OF BLUE VALLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## **PROTECTIVE ORDER**

On this date, the Court considers the Protective Order of the parties requesting that certain documents and testimony of the parties' confidential or proprietary business practices, trade secrets, financial information, business procedures, and other non-public information about the parties which are produced, provided or otherwise disclosed in this case be subject to an appropriate protective order. Pursuant to Fed. R. Civ. P. 26(c), the need to prevent unnecessary disclosure of this confidential information is good cause for entry of a protective order and it is hereby

**ORDERED THAT:**

1. Each party and all persons bound by the terms of this Protective Order shall use any properly designated Confidential Information (as defined herein) provided to them pursuant to this Protective Order only for the purpose of prosecution or defense of this action (including without limitation prosecution of counterclaims), not for any other purpose or in any other action. No party or person bound by the terms of this Protective Order shall disclose or release

to any person not qualified under this Protective Order any properly designated Confidential Information provided to them that is governed by this Protective Order for any purpose, or to any person qualified under this Protective Order for any purpose other than the prosecution or defense of this action.

2. The term "Confidential Information" as used herein means confidential and proprietary information relating to processes or designs that are trade secret, subject to confidentiality agreement or otherwise protected; and/or pricing, costs, margins and financial results or other business accounting or financial information; proprietary commercial information; customer information; and/or other confidential and proprietary information which is designated as **CONFIDENTIAL** pursuant to this Protective Order by the supplying party (including any third persons or entities supplying such information) in connection with this case.

3. The term "documents" as used herein has the same meaning as in Fed. R. Civ. P. 34 and includes without limitation, any written, electronic, recorded, stored, or graphic matter, data or information.

4. The provisions of this Protective Order may apply, but are not limited to, the following categories of documents, information, items, or materials (including electronically-stored information) to the extent that they are properly designated as Confidential Information hereunder: interrogatory responses; requests for admissions responses; deposition transcripts; affidavits; declarations; discovery disclosures and responses; personnel files and information; and other documents, information, items, or materials (including electronically-stored information) containing or referring to customer information, confidential information such as processes or designs that are trade secret, subject to confidentiality agreement or otherwise

protected; and/or pricing costs, margins and financial results or other business accounting or financial information; and/or other commercially sensitive or proprietary information.

5. Designation of information contained in documents (including electronic documents or data) or in discovery disclosures or responses as **CONFIDENTIAL** shall be made by one of the following methods: (a) by stamping the first page (or each page) of any document containing confidential information with the legend **CONFIDENTIAL** prior to its production; (b) by clearly marking the page(s) of any disclosure or discovery response containing confidential information with the legend **CONFIDENTIAL;** or (c) in the case of electronic data or information not readily subject to page marking, by clearly designating in writing at the time of disclosure that such materials are **CONFIDENTIAL.**

6. Deposition transcripts, or portions thereof, may be designated as **CONFIDENTIAL** subject to this Protective Order either (a) at the time of such deposition, by designation upon the record of the deposition; or (b) within thirty (30) days following receipt of the deposition transcript by providing written notice to all counsel of record of the designation by page and line numbers.

7. In designating information as **CONFIDENTIAL** pursuant to this Protective Order, the supplying party will make such designation only as to that information or material that the designating party in good faith believes contains Confidential Information and not for the purpose of harassing the receiving party or of unnecessarily restricting the receiving party's access to information concerning the lawsuit. Information which is generally available to the public shall not be designated as confidential.

8. Documents or information designated as **CONFIDENTIAL** may be disclosed by the recipient thereof to the following persons:

  (a) The attorneys of record for the parties to this action and their staff/employees;

  (b) The Court, court personnel, and court reporters;

  (c) Any persons retained or employed by the parties or their attorneys of record in this litigation as outside experts, investigators, consultants, vendors, and their staff, to whom it is necessary that the material be shown for purposes of this litigation, provided that each such person must, prior to receipt of the materials designated as **CONFIDENTIAL**, execute an agreement in the form attached hereto as Exhibit A;

  (d) Employees, officers and/or staff of the producing party;

  (e) Authors or drafters, addressees, and those who received the documents or information prior to the commencement of this action;

  (f) Contractors, vendors and their employees/staff involved solely in document management services for this litigation;

  (g) Any other person designated by written stipulation of the parties or order of the Court.

9. Documents and information designated as **CONFIDENTIAL** shall include:

  (a) All copies, extracts, and complete or partial summaries prepared from such documents or information;

(b) Portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries;

(c) Portions of briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and

(d) Deposition testimony designated in accordance with Paragraph 6.

10. Notwithstanding any other provisions of this Protective Order: (a) nothing herein shall prevent disclosure if the party designating the information as **CONFIDENTIAL** expressly consents to such disclosure, either in writing or in the record of any proceeding in this case, or if the Court enters an order requiring or permitting the disclosure after notice to both parties; (b) any party may use or disclose its own confidential information without limitation, and may use or disclose information without limitation that was previously in its possession prior to receipt pursuant to the Protective Order, or subsequently acquired from a source that is not subject to the Protective Order.

11. If timely corrected, an inadvertent failure to designate information as **CONFIDENTIAL** does not, standing alone, waive the producing party's right to secure protection under this Protective Order for such information. In the event of an inadvertent production or disclosure, the producing or disclosing party shall notify the receiving party of the designation of material as **CONFIDENTIAL**, and the receiving party shall thereafter treat such information as designated subject to the Protective Order, without waiving any right to challenge the designation of such material.

12. Neither party will be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so will not preclude a subsequent challenge thereto. A failure

766752-0444 #2605985v2
WP #2613088v1

of either party to challenge a party's designation of a document or information as **CONFIDENTIAL** will not prejudice any party or person and will not constitute an agreement or admission that the designation is valid by reason of such failure to object. In the event that either party disagrees at any stage of these proceedings with the designation by the other party of any information as **CONFIDENTIAL**, the parties will try first to resolve such dispute in good faith on an informal basis. Any party may request the party asserting confidentiality for:

> (a) A change in the designation of any document or information as **CONFIDENTIAL** to non-confidential; and
>
> (b) Permission to disclose such documents or information to persons in addition to those specified in Paragraph 8.

Such request will be by written notice served on counsel for the party who designated the subject matter **CONFIDENTIAL**. The written notice will state the grounds for the request, and contain an identification of the documents by production number or other reasonably clear description, and where less than the entire document is at issue, a particularized description of the information from that document for which a change in designation is requested. The party asserting the propriety of the designation will have the burden of establishing the need for the designation, provided that party is provided with a written notice as set forth herein. If the dispute cannot be resolved, the party relying on an assertion of protection under this Protective Order may seek appropriate relief from the Court within 20 days of the written notice of dispute, and during such time and until the Court rules on the request for relief, the document shall be maintained in accordance with its initial designation under this Protective Order. The parties may seek an order of the Court and at any time bring before the Court the question of whether any particular

766752-0444 #2605985v2
WP #2613088v1

information is properly designated.  If the Court determines that a document was not properly designated as confidential, then the designating party shall be responsible for reasonable costs and expenses, including attorney's fees, incurred in challenging the designation of the particular document.

13.     Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, the parties (and any person who agrees to be bound hereunder) agree that they will abide by such orders after the conclusion of this litigation.  Consistent with the protective order guidelines posted on the Court's website, the Court's jurisdiction to enforce the provisions of this Protective Order shall be terminated upon the final disposition of this case, unless and until a party seeks leave to reopen the case to enforce the provisions of this Protective Order.

14.     Except as may otherwise be ordered by the Court, documents designated as **CONFIDENTIAL** shall not be filed with the Court for any purpose, including affidavits, briefs, or memoranda of law, except under seal (as must first be permitted by order of the Court) according to the Local Rule 5.4.6 (Sealed Documents) for the District of Kansas.  A party seeking to file a document designated as **CONFIDENTIAL** must first file a motion for leave to file documents under seal which shall be filed electronically, under seal, in the Electronic Filing System in accordance with the provisions of Local Rule 5.4.6.  If the motion for leave is granted, the filing party may then file the document(s) under seal as prescribed by the Local Rules.

15.     In the event a supplying party inadvertently fails to designate any document, thing, or information as protected by the attorney-client privilege, work product doctrine, or any other such privilege, it may within a reasonable time after discovery of the inadvertent disclosure, designate

7

766752-0444 #2605985v2
WP #2613088v1

such document, thing, or information as privileged by notifying counsel for the receiving party in writing, and identifying the particular documents, things, or information it wishes to designate as privileged. Counsel for the receiving party shall thereafter use reasonable efforts to destroy, or to return to the supplying party, all such particular documents, things, or information, as well as all copies thereof. Such inadvertent failure to designate by the supplying party shall not be deemed a waiver of privilege. Such acts by the receiving party shall not be deemed a waiver of the right to challenge the designation of such documents, things, or information as privileged.

16. Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return or destroy, such returning or destruction being at the option of the receiving party, all material produced by the designating party and designated as **CONFIDENTIAL**, including all copies, extracts, and summaries thereof, to the party from whom the designated material was obtained, except that any documents or copies which contain or constitute, or which reflect, attorney work product or attorney-client privileged communications may be retained by counsel. If the receiving party elects to destroy designated materials rather than return them to the designating party, the designating party is entitled to request in writing and be provided with a certificate of destruction evidencing the destruction of the designated materials that were produced by the designating party. Notwithstanding the foregoing, outside counsel of record for the receiving party may retain for its archives (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, exhibits, and all other papers filed and/or served in this action; (ii) one set of transcripts of all testimony taken at any depositions, hearings, or trial (with exhibits); and (iii) all of its own work product generated in connection with this action.

IT IS SO ORDERED.

Dated this 29th day of March, 2010, at Kansas City, Kansas.

                                                       s/ James P. O'Hara  
                                                     James P. O'Hara  
                                                     U.S. Magistrate Judge

# EXHIBIT A

## AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

I hereby acknowledge receipt of materials or information designated as **Confidential** pursuant to the Protective Order issued by the Court in the case of *AXIS Surplus Ins. Co. v. Mid America Credit Bureau*, *LLC et. al.*, No. 2:09-cv-02660-JWL-JPO, in the United States District Court for the District of Kansas. I have been given a copy of and have read the Protective Order. I agree to comply with the provisions of the Protective Order and hereby submit myself to the jurisdiction of the United States District Court for the District of Kansas for the purpose of enforcement of the Protective Order. I will keep information designated as **Confidential** in confidence and will not divulge it to anyone other than those permitted to have access under the terms of the Protective Order or copy or use it except solely for the purposes of the case.

_____  _____
Date                                Signature

                                    _____
                                    Printed Name

                                    _____
                                    Address